# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA

**NAKIE HARRIS,**

    Petitioner,

v.                                                                     Civil Action No. 2:12cv73
                                                                          Judge Bailey

**TERRY O'BRIEN, Warden,**

    Respondent.

## REPORT AND RECOMMENDATION

On October 26, 2012, the *pro se* petitioner, an inmate at USP Hazelton in Bruceton Mills, West Virginia, filed a petition under 28 U.S.C. § 2241, challenging his convictions and sentences. Along with his petition, he filed a motion to proceed as a pauper and a copy of his Prisoner Trust Account Report. By Order entered October 29, 2012, petitioner's motion to proceed as a pauper was granted, but he was directed to pay the $5.00 filing fee. He paid the required fee on November 13, 2012. On December 18, 2012, the undersigned made a preliminary review of the file, determined that summary dismissal was not warranted, and directed the respondent to respond to the petition.

On December 27, 2012, the respondent filed a Motion to Dismiss or in the Alternative, for Summary Judgment and Response to Order to Show Cause, with a Memorandum in support. Because petitioner was proceeding *pro se,* on January 2, 2013, a Roseboro[1] Notice was issued. On January 14, 2013, the petitioner filed his "Petitioner's Reply in Opposition to the Government's [sic] Motion to Dismiss, or in the Alternative For Summary Judgement [sic]."

---

[1] Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (finding that the court must inform a *pro se* plaintiff of his right to file material in response to a motion for summary judgment).

This matter, which is before the undersigned for a Report and Recommendation pursuant to 28 U.S.C. §1915 and LR PL 2, is ripe for review.

## I. Factual and Procedural History

At around 1:40 a.m. on January 15, 2005, in Baltimore, Maryland, petitioner and six co-defendants, some of whom were drug dealers, worked for drug dealers, or were members of the "Bloods" gang,[1] firebombed the occupied home of Edna McAbier, a neighborhood activist, as another act in retaliation[2] for her repeated reporting to local law enforcement the increasing drug and gang activity in her neighborhood. Three Molotov cocktails were hurled at McAbier's front door, and three at her back door, evincing a clear intent to block her escape from the intended conflagration and to murder her.[3] Fortunately, McAbier was awake, called 911, and escaped without injury. An ensuing investigation revealed the Molotov cocktails on and around her home, which was scorched, but not destroyed.[4]

On December 13, 2005, after a seven-day jury trial with two of his co-defendants in the District Court of Maryland, petitioner was convicted of six counts of a six-count superseding indictment: Count One, conspiracy to witness tampering, in violation of 18 U.S.C. § 371; Count Two, witness tampering, aiding and abetting, in violation of 18 U.S.C. 1512(a)(2)(C); Count Three, aiding and abetting witness tampering, in violation of 18 U.S.C. §1512(a)(1)(C); Count Four, use of a firearm in a crime of violence, aiding and abetting, in violation of 18 U.S.C.

---

[1] The "Bloods" gang made their money selling illegal drugs. United States v. Smith, 2012 WL 1145864 *1 (D. Md. April 2, 2012).

[2] Beginning in 2003, McAbier's door was spray-painted; her steps were urinated on; her flowers were torn up; food was thrown on her car; her car was scratched and marked with magic markers; her tires were slashed; and someone scratched the word "bitch" on the trunk of her car. In response, marked police cars were repeatedly sent to her home. United States v. Smith, 2012 WL 1145864 *1 (D. Md. April 2, 2012).

[3] United States v. Smith, 344 Fed. Appx. 856, 2009 U.S. App. LEXIS 20797 *6 (Sep. 18, 2009).

[4] United States v. Smith, 2012 WL 1145864 *1 (D. Md. April 2, 2012).

§924(c); Count Five, using fire and explosives in a felony, aiding and abetting, in violation of 18 U.S.C. §844(h)(1); and Count Six, making firearms, aiding and abetting, in violation of 26 U.S.C. §5861(f). On February 3, 2006, petitioner was sentenced to 60 months imprisonment on Count One, to run concurrently with Counts Two, Three and Six; 240 months imprisonment on Count Three, to run concurrently with Counts One Two and Six; 360 months imprisonment on Count Four, to run consecutively to the sentences on Counts One, Two, Three and Six; 120 months imprisonment on Count Five, to run consecutive to all other counts, and 120 months as to Count Six, to run concurrently with Counts One, Two and Three, for a total term of 720 months imprisonment, and a 3-year term of supervised release as to all counts, to run concurrently with each other. Petitioner was also assessed $600.00.[5]

Petitioner filed a timely notice of appeal. On appeal, his petition was consolidated with those of the two co-defendants from trial. On August 22, 2007, by published opinion, the Fourth Circuit Court of Appeals affirmed in part and vacated in part[6] the district court's judgment.[7] Subsequently, petitioner filed a petition for rehearing *en banc*, which was denied on September 18, 2007.[8] Petitioner then filed a petition for writ of *certiorari* with the United States Supreme Court; it was denied on March 24, 2008.[9]

---

[5] (D. Md. Dkt.# 184)(1:05cr61).

[6] The case of one co-defendant was remanded for re-sentencing.

[7] United States v. Harris, 498 F.3d 278 (4th Cir. 2007), *abrogated by* United States v. Ramos-Cruz, 667 F.3d 487 (4th Cir. 2012); *overruled by* United States v. Wainwright, 789 F.Supp. 2d. 699, 700 (E.D. Va. 2011).

[8] (4th Cir. Dkt.# 107 and 113)(06-4232).

[9] (4th Cir. Dkt.# 116)(06-4232).

On February 12, 2009, petitioner filed a Motion to Vacate under 28 U.S.C. §2255 in the sentencing court.[10] By Order entered September 24, 2009,[11] petitioner's motion to vacate was denied.[12] Petitioner appealed to the Fourth Circuit Court of Appeals; on November 19, 2010, by unpublished *per curiam* opinion, the appeal was denied.[13] On January 7, 2011, petitioner filed a motion for rehearing and rehearing *en banc*; the Fourth Circuit denied the motion on January 25, 2011.[14] On April 25, 2011, petitioner filed a petition for writ of *certiorari* with the United States Supreme Court; it was denied on October 3, 2011.[15]

On March 6, 2012, petitioner filed a motion in the Fourth Circuit Court of Appeals for authorization to file a successive 28 U.S.C. §2255 habeas corpus petition, pursuant to 28 U.S.C. §2244, in the Fourth Circuit Court of Appeals, raising the same claim he raises in Ground One here; the motion was denied on March 15, 2012.[16] Petitioner filed a motion for rehearing and rehearing *en banc* on March 27, 2012, which was denied the same day.[17]

---

[10] (D. Md. Dkt.# 285)(1:05cr61).

[11] (D. Md. Dkt.# 327)(1:05cr61).

[12] On October 26, 2009, the sentencing court docketed a letter from petitioner inquiring as to the status of a "Rule 60(6) motion" he claimed to have filed there. (D. Md. Dkt.# 334)(1:05cr61). Because no such motion had been filed, by Order entered November 3, 2009, in an attempt to liberally construe petitioner's inquiry, the court considered, then declined to issue a certificate of appealability on petitioner's recently-denied 2255 motion, and advised that it had no record of a Rule 60(b)(6) motion having been filed. (D. Md. Dkt.# 335)(1:05cr61). On November 16, 2009, petitioner filed a "Motion for a Rule 60(b)(6) Based on the District Court Defect in the Integrity on [sic] Federal Habeas Proceedings;" it was denied by Order entered November 24, 2009. (D. Md. Dkt.# 338 and 341)(1:05cr61). Subsequently, on January 5, 2010, petitioner filed a second "Motion for a Rule 60(b)(6) Based on the District Court Defect in the Integrity on [sic] Federal Habeas Proceedings," identical to the first; it was denied by Order entered the same day. (D. Md. Dkt.# 346 and 347)(1:05cr61).

[13] (4th Cir. Dkt.# 18)(09-8181).

[14] (4th Cir. Dkt.# 25 and 26)(09-8181).

[15] (4th Cir. Dkt.# 30 and 31)(09-8181).

[16] (4th Cir. Dkt.# 2 and 4)(12-144).

[17] (4th Cir. Dkt.# 5 and 6)(12-144).

On April 16, 2012, petitioner filed a Motion to Correct Sentence in the sentencing court, raising the same issues raised in the instant §2241 petition; the motion was denied by Order entered April 27, 2012.[18]

Petitioner is now 37 years old; his projected date of release from incarceration is January 6, 2059.[19]

## II. Issues Presented

**The Petition**

Petitioner raises three grounds for relief, alleging that

1) the United States Supreme Court decision in Fowler v. United States[20] abrogated the Fourth Circuit Court of Appeals' decision affirming his witness tampering convictions, rendering him "both factually, and legally innocent."

2) The District Court committed reversible error by injecting itself into the prosecutor's strategic decision-making and allowing the Government to reopen its case, to determine the proof necessary to establish a conviction under 18 U.S.C. §1512(a).

3) The Government failed to prove beyond a reasonable doubt that petitioner intended to prevent communication to a federal law enforcement officer, as required under 18 U.S.C. §1512(a).

Petitioner claims he is entitled to relief under the savings clause of §2255. He argues that §2255 is inadequate and ineffective to test the legality of his conviction, because at the time of his conviction, the settled law of this circuit or the Supreme Court established the legality of the conviction, but that subsequent to his direct appeal and §2255 motion, the substantive law

---

[18] (D. Md. Dkt.# 411 and 413)(1:05cr61).

[19] See http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=NameSearch&needingMoreList=false&FirstName=nakie&Middle=&LastName=harris&Race=U&Sex=M&Age=&x=66&y=8

[20] Fowler v. United States, 131 S.Ct. 2045 (2011)(holding that to prove a violation of the federal witness tampering statute, 18 U.S.C. § 1512(a)(1)(C), which makes it a crime "to kill another person" with intent to ... prevent the communication by any person to a [federal] law enforcement officer" of "information relating to the ... possible commission of a Federal offense," government must establish that there was a reasonable likelihood that a relevant communication would have been made to a federal officer).

changed, such that the conduct of which he was convicted is now deemed not to be criminal. He averts that he cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

As relief, he requests that the Court vacate his sentences for Counts One through Five of his witness tampering convictions. Alternatively, he requests a new trial. He stipulates that his case should be transferred to the sentencing court and "agrees to the waiving of territorial jurisdiction rule in 28 U.S.C. Sec. 2241(A)[sic]." Finally, he requests appointed counsel.

**B. Motion to Dismiss or for Summary Judgment**

The respondent argues that the petition should be dismissed because petitioner has failed to demonstrate the 28 U.S.C. §2255 is an inadequate and ineffective remedy; that he has been authorized to file a second or successive §2255 motion; or that this Court is the proper forum to determine whether he is actually innocent.

**C. Petitioner's Response to Motion to Dismiss**

Petitioner generally reiterates his claims and attempts to refute the respondent's arguments on the same.

As relief, he requests that the court deny the respondent's motion to dismiss or in the alternative, for summary judgment. He reiterates his request for appointed counsel, and requests a hearing.

### III. Standard of Review

**A. Motion to Dismiss**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir.1992)

(citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir.1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," Id. (citations omitted), to one that is "plausible on its face," Id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir. 2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

**B. Motion for Summary Judgment**

Under the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In applying the standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The Court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex at 323. Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party must present specific facts showing the existence of a genuine issue for trial. Id. This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson at 256. The "mere existence of a

scintilla of evidence" favoring the non-moving party will not prevent the entry of summary judgment. Id. at 248. Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, at 587 (citation omitted).

### IV. Analysis

Petitioner argues that he is entitled to relief under § 2241 because § 2255 is an inadequate or ineffective remedy.

A motion filed under §2241 necessarily must pertain to "an applicant's commitment or detention," rather than the imposition of a sentence. Compare 28 U.S.C. §2242 (§2241 application for writ of habeas corpus must allege facts concerning the applicant's commitment or detention) and 28 U.S.C. §2255 (motions to vacate a sentence brought under §2255 are collateral attacks upon the imposition of a prisoner's sentence). The Court finds that because petitioner is attempting to have his sentence vacated, he is seeking §2255 relief, not §2241 relief.

However, a federal prisoner may seek relief under 28 U.S.C. §2241 when §2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255; In re Vial, 115 F. 3d 1192, 1194 (4th Cir. 1997).

The Fourth Circuit has examined the prerequisites for finding that §2255 is an inadequate or ineffective remedy. In the case of In re Jones, 226 F.3d 328 (4th Cir. 2000), the Fourth Circuit concluded that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.

Jones, 226 F.3d at 333-34.

Petitioner raises the savings clause, but it is clear that he is not entitled to its application. In the instant case, even if the petitioner satisfied the first and the third elements of Jones, violations of 18 U.S.C. §§ 371, 1512(a)(2)(C), 1512(a)(1)(C), 924(c), 844(h)(1) and 26 U.S.C. §5861(f) remain criminal offenses, and therefore the petitioner cannot satisfy the second element of Jones.[21] Consequently, the petitioner has not demonstrated that §2255 is an inadequate or ineffective remedy, and he has improperly filed a §2241 petition.

---

[21] Petitioner's claim that Fowler rendered his federal witness tampering convictions to be no longer deemed criminal violations was rejected by both the Fourth Circuit Court of Appeals and the District of Maryland sentencing court. After Fowler was decided, petitioner filed his §2244 motion with the Fourth Circuit, seeking authorization to file a second or successive §2255, raising the Fowler claim he raises here as Ground One; the motion was denied on March 15, 2012. (4th Cir. Dkt.# 2)(12-144).

Meanwhile, previously, on April 12, 2011, Terrance Smith ("Smith"), one of petitioner's co-defendants at trial, filed a §2255 motion in the sentencing court. After Fowler was decided on May 26, 2011, on June 1, 2011, Smith's appellate counsel, the federal public defender, wrote to the District Judge, advising of the Supreme Court's recent decision. (D. Md. Dkt.# 373)(1:05cr61). In view of that, counsel was appointed to represent Smith on a Fowler claim, to be decided before considering the other claims in his petition. Smith, through counsel, then supplemented his motion to vacate, raising the Fowler claim petitioner raises here. (D. Md. Dkt.# 376)(1:05cr61).

In its April 2, 2012 opinion on Smith's §2255 Fowler claim, the District Court found that the case did not need to be retried on the federal witness tampering counts, although it conceded that "the issue presented is a close one." (D. Md. Dkt.# 405 at 1)(1:05cr61).

The Court cited to Fowler's holding that in order to support federal witness tampering convictions "the Government must show that there was a *reasonable likelihood* that a relevant communication would have been made to a federal officer," and that an instruction similar to the one used at petitioner and Smith's trial "was erroneous to the extent that it indicated that the Government must only prove that there was a *possibility* . . . that the information being provided by Ms. McAbier about drug activities would be communicated to a law enforcement officer of the United States." (Id. at 8 – 9)(internal citations removed)(emphasis added). The court found that its own use of "possibility" and "likelihood" in the disjunctive in its instruction did not require the jury to find there was a "reasonable likelihood" that information provided by Ms. McAbier would be communicated to federal law enforcement. However, consistent with the Fourth Circuit's decision in United States v. Ramos-Cruz, 667 F.3d 487, 497-98 (4th Cir. 2012), the Court found that any error committed was harmless, because "evidence at trial established that federal and local authorities worked closely with one another through DEA task forces and that the task forces targeted the very type of criminal activity [committed here] – violent street drug trafficking. [Further, trial testimony included evidence that] other factors to which the DEA looks in reviewing a case for federal prosecution [are]: the scale of the drug dealings, the organizational structure, the propensity for violence, and the criminal histories of the persons involved." (Id. at 9-10). The Court found that "the fact that Smith and his codefendants were members of the Bloods gang rendered it virtually inevitable that the information provided by Ms. McAbier would eventually be communicated to federal authorities and that federal prosecution would ensue." (Id. at 9).

Petitioner filed his Motion to Correct Sentence two weeks after Smith's §2255 Fowler claim was denied, raising the same Fowler claim. Two weeks later, on April 27, 2012, the sentencing court denied petitioner's motion "[f]or the reasons stated in the opinion entered by this court on April 2, 2012 in connection with the Section 2255 motion filed by Terrence Smith . . ." (D. Md. Dkt.# 413)(1:05cr61).

Because petitioner is challenging the validity of his conviction and sentence, and §2255 is not an inadequate remedy, his claims should be brought in a §2255 motion. See In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997); see also Young v. Conley, 128 F.Supp.2d 354, 357 (S.D. W.Va. 2001).

Twenty-Eight U.S.C. § 2255 states that:

1. Only one (1) § 2255 motion is permitted to be filed.

2. A second or successive motion can only be filed if certified by the Fourth Circuit Court of Appeals to contain newly discovered evidence or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court.

3. There is a one-year limitation period within which to file any federal habeas corpus petition. A motion filed under 28 U.S.C. § 2255 must be filed within one year of the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) *the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or*

(4) *the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.*

28 U.S.C. § 2255 (emphasis added).

Here, as the respondent appears to concede, while it is likely that the Fowler decision creates a newly recognized right, cognizable on a § 2255 motion, even so, Fowler was decided on May 26, 2011. Hence, the one year statute of limitations for petitioner to have timely raised a Fowler claim would have been on or before May 26, 2012. While petitioner's co-defendant Terrance Smith timely raised the issue in his §2255 motion, here, petitioner did not raise his

§2241 Fowler argument until October 26, 2012, sixteen months after the Supreme Court's decision. Accordingly, petitioner's Fowler claim is also untimely. Even if his Ground One claim did not fail for those reasons, petitioner has already raised it, as well as the other two claims in this petition in various motions or on appeal, in either the sentencing court or the Fourth Circuit Court of Appeals; the instant motion is merely an attempt to re-litigate issues already decided or procedurally barred.[22]

In Kaufman v. United States, 394 U.S. 217, 227, n. 8 (1969), the Supreme Court held that a district court has the discretion to refuse to reach the merits of a constitutional claim that had already been raised and resolved against the prisoner at trial and on direct review. See also Olmstead v. United States, 55 F.3d 316, 319 (7th Cir. 1995) ("Although *res judicata* does not apply in section 2255 proceedings, the court may still exercise its discretion not to reconsider issues already decided at trial, on direct appeal, or in prior section 2255 proceedings.")(internal quotations omitted). In other words, a convicted defendant may not relitigate claims in a § 2255 motion that were previously decided on their merits, unless the factual or legal circumstance of the case has changed significantly. Withrow v. Williams, 507 U.S. 680, 721 (1993) ("[a] prior opportunity for full and fair litigation is normally dispositive of a federal prisoner's habeas claim"); United States v. Kraemer, 810 F.2d 172, 177 (8th Cir. 1987); United States v. Orejuela, 639 F.2d 1055, 1057 (3rd Cir. 1981); Vernell v. United States, 559 F.2d 963, 964 (5th Cir. 1977); United States v. Natelli, 553 F.2d 5, 7 (2nd Cir. 1977); Boeckenhaupt v. United States, 537 F.2d 1182 (4th Cir.), *cert. denied*, 429 U.S. 863 (1976). Nonetheless, "[e]ven where a federal prisoner continues to raise the same issue by filing repetitive petitions pursuant to 28 U.S.C. § 2255, the

---

[22] As noted *supra,* petitioner raised his Ground One Fowler claim in the sentencing court in his April 16, 2012 Motion to Correct Sentence, where it was denied, and in the Fourth Circuit Court of Appeals, in his 28 U.S.C. §2244 motion seeking authorization to file a second §2255. He raised his Ground Two claim on direct appeal and in his §2255 motion, and his Ground Three claim on direct appeal.

reviewing judge may not perfunctorily deny the later ones solely on the doctrine of *res judicata*. It is open to the applicant to show that the ends of justice would be served by permitting redetermination of the ground." Lauchli v. United States, 405 U.S. 965, n. 3 (1972) (quoting Sanders v. United States, 373 U.S. 1, 16 (1963) (quotations omitted).

In this case, the petitioner has previously, repeatedly and unsuccessfully raised not only his Fowler claim but all three claims he raises here. Moreover, in his present petition, purportedly filed pursuant to §2241, but in effect, yet another attempt at a §2255, the petitioner fails to allege any factual or legal change that might warrant reconsidering these issues. Thus, these issues should not be relitigated in the instant §2241 proceeding.

Finally, even assuming petitioner's claims were timely and not previously litigated, because petitioner was not sentenced in this District, this Court is without jurisdiction to decide his claims.[23] Assuming that petitioner had properly filed this case in the correct venue, because he did not first obtain authorization to file a second or successive federal habeas petition from the Fourth Circuit Court of Appeals, that court would likewise be without authority to hear this case.[24]

## IV. Recommendation

---

[23] Rule 3 of the Rules Governing Section 2255 Proceedings for the United States District Courts states that a §2255 motion must be entered on the criminal docket of the case in which the challenged judgment was entered.

[24] Pursuant to 28 U.S.C. 2244(b), a petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider his application for a second or successive writ of habeas corpus, and such writ will only be granted by a three-judge panel of the appeals court if the application makes a *prima facie* showing that the application does not present a claim already presented in a prior application, unless it relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable, or the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and the facts underlying the claim, if proven and viewed in light of the evidence as a whole would be sufficient to establish by clear and convincing evidence, that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

For the foregoing reasons, the undersigned recommends that this matter be **DENIED** and **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted.

Further, the undersigned recommends that petitioner's motion for appointed counsel, contained within his §2241 petition, be **DENIED as moot**.

**Within fourteen (14) days** after being served with a copy of this recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to John Preston Bailey, United States District Judge. **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: 4-30-2013

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE