**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS**

**NAKIE HARRIS**,

      Petitioner,

**v.**                                     **Civil Action No. 2:12-CV-73
(Judge Bailey)**

**UNITED STATES OF AMERICA**,

      Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

### I. Introduction

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of the United States Magistrate Judge David J. Joel [Doc. 16]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Joel for submission of a proposed report and recommendation ("R&R"). Magistrate Judge Joel filed his R&R on April 30, 2013 [Doc. 16]. In that filing, the magistrate judge recommended that this Court deny and dismiss with prejudice the petitioner's Motion Under 28 U.S.C. § 2241 [Doc. 1].

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, this Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140,

1

150 (1985).  In addition, failure to timely file objections constitutes a waiver of *de novo* review and the petitioner's right to appeal this Court's Order.  28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984).  Here, objections to Magistrate Judge Kaull's R&R were due within fourteen (14) days of receipt of the R&R, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure.  Service was accepted on May 3, 2013 [Doc. 17].  The petitioner moved for an extension of time to file his objections [Doc. 18], which this Court granted [Doc. 19].  This Court extended the objections deadline to June 1, 2013.  The petitioner timely filed his objections on May 28, 2013 [Doc. 22].  Accordingly, this Court will review the portions of the R&R to which objection was made under a *de novo* review.  The remaining portions of the R&R will be reviewed for clear error.

## II.  Factual and Procedural History

### A.  Conviction and Sentence

After a seven-day jury trial in the District of Maryland, the petitioner and his two co-defendants were convicted of six counts of a six-count superseding Indictment.  The petitioner was convicted of: Count One, conspiracy to witness tampering; Count Two, witness tampering, aiding and abetting; Count Three, aiding and abetting witness tampering; Count Four, use of a firearm in a crime of violence, aiding and abetting; Count Five, using fire and explosives in a felony, aiding and abetting; and Count Six, making firearms, aiding and abetting.  On February 3, 2006, the petitioner was sentenced to sixty (60) months imprisonment on Count One, to run concurrently with Counts Two, Three, and Six; two hundred and forty (240) months imprisonment on Count Three, to run concurrently

2

with Counts One, Two, and Six; three hundred and sixty (360) months imprisonment on Count Four, to run consecutively to Counts One, Two, Three, and Six; one hundred and twenty (120) months imprisonment on Count Six, to run concurrently with Counts One, Two, and Three, for a total term of seven hundred and twenty (720) months imprisonment, and a three (3) year period of supervised release on all counts, to run concurrently.  The petitioner's projected release date is January 6, 2059.[1]

### B.  Direct Appeal

By published opinion dated August 22, 2007, the Fourth Circuit Court of Appeals affirmed in part and vacated in part the district court's judgment.  The petitioner filed a petition for rehearing *en banc*, which was denied on September 18, 2007.  Petitioner filed a petition for writ of *certiorari* with the United States Supreme Court, which the Court denied on March 24, 2008.

### C.  Petitioner's First Federal Habeas Corpus

On February 12, 2009, petitioner filed a motion to vacate his sentence under 28 U.S.C. § 2255 in the sentencing court.  That court denied the petitioner's § 2255 by Order dated September 24, 2009.  Petitioner appealed that decision to the Fourth Circuit Court of Appeals, and on November 19, 2010, that appeal was denied by unpublished decision. Petitioner filed a motion for rehearing and rehearing *en banc*, which the Fourth Circuit denied on January 25, 2011.  The petitioner filed a petition for writ of *certiorari* with the United States Supreme Court on April 25, 2011.  That petition was denied on October 3, 2011.

---

[1] www.bop.gov

On March 6, 2012, the petitioner filed a motion for authorization to file a successive 28 U.S.C. § 2255 habeas corpus petition pursuant to 28 U.S.C. § 2244.  Therein, the petitioner raised the same claim he raises in Ground One here.  The Fourth Circuit denied the motion on March 15, 2012.  The petitioner filed a motion for rehearing and rehearing *en banc* on March 27, 2012, which was denied the same day.  On April 16, 2012, the petitioner filed a Motion to Correct Sentence in the sentencing court, raising the same issues raised in the instant § 2241 petition.  That motion was denied by Order dated April 27, 2012.

### D.  Pending Motion

On October 26, 2012, petitioner filed the pending petition under U.S.C. § 2241, which challenges his conviction and sentencing [Doc. 1].  In the instant motion, the petitioner set forth the following grounds for relief:

1) the United States Supreme Court decision in ***Fowler v. United States***, 131 S.Ct. 2045 (2011), abrogated the Fourth Circuit Court of Appeals' decision affirming his witness tampering convictions, rendering him "both factually, and legally innocent."

2) The District Court committed reversible error by injecting itself into the prosecutor's strategic decision-making and allowing the Government to reopen its case, to determine the proof necessary to establish a conviction under 18 U.S.C. § 1512(a).

3) The Government failed to prove beyond a reasonable doubt that petitioner intended to prevent communication to a federal law enforcement officer, as required under 18 U.S.C. § 1512(a).

The petitioner asserts that he is entitled to relief under the savings clause of § 2255.

4

He argues that § 2255 is inadequate and ineffective to test the legality of his conviction because at the time of conviction, the settled law of this Circuit or the Supreme Court established the legality of the conviction, but that subsequent to his direct appeal and § 2255 motion, the substantive law changed, such that the conduct of which he was convicted is now deemed not to be criminal.  He asserts he cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.  Thus, he requests that this Court vacate his sentences on Counts One through Five of his witness tampering convictions, or alternatively, for a new trial.  After the issues had been fully briefed, Magistrate Judge Joel issued an R&R recommending that petitioner's § 2241 motion be dismissed on the merits [Doc. 16].

### III.  Applicable Law

Regarding a second or successive federal habeas corpus, 28 U.S.C. § 2255 states:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

In order for a petition to be considered successive, the first petition must have been dismissed on the merits.  **Harvey v. Horan**, 278 F.3d 370 (4th Cir. 2002).  A prisoner seeking to file a successive application for habeas corpus relief in a district court must first obtain authorization from the appropriate court of appeals.  28 U.S.C. § 2244(b)(3); **United States v. Winestock**, 340 F.3d 200, 205 (4th Cir. 2003).  In the absence of pre-filing

authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.  ***Winestock***, 340 F.3d at 205.

Upon consideration, the Magistrate Judge found petitioner's motion under 28 U.S.C. § 2241 to be improper as the petitioner seeks to challenge the validity of his sentence and conviction.  As properly noted by the magistrate judge, a federal prisoner may only seek relief from his conviction under § 2241 when § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255; ***In re Vial***, 115 F.3d 1192, 1194 (4th Cir. 1997). Here, however, the petitioner does not contend that § 2255 presents an inadequate remedy or dispute that he has not previously filed a motion under § 2255 with the sentencing court. Rather, the petitioner maintains that he is attacking the continued execution of his illegal sentence.  Nevertheless, the petitioner is challenging the validity of his sentence and conviction regardless of his characterization.

### IV.  Petitioner's Objections

The petitioner first objects to the magistrate judge's recommendation that he is not eligible for relief pursuant to § 2241 [Doc. 22].  Petitioner recasts his arguments regarding the ***Fowler*** case, which were previously denied.  (Id.).  He again contends that the jury instruction was erroneous and that his conviction should be overturned.  (Id.).  However, this argument has been addressed and rejected time and time again through the series of post-conviction litigation outlined above.  This Court has conducted a *de novo* review of the same and finds these arguments to be repetitive and without merit.  Accordingly, the Objection **[Doc. 22]** is **OVERRULED**.

Petitioner again asserts he is entitled to relief pursuant to § 2241 under the Savings

Clause.  This Court has conducted a *de novo* review of the objection and finds that the magistrate judge thoroughly addressed this argument in the R&R.  This Court agrees that the petitioner cannot meet the second element of ***In re Jones***, 226 F.3d 328; accordingly, the petitioner has failed to demonstrate that § 2255 is an inadequate or ineffective remedy, and he has improperly filed a § 2241.  Rather, this Court finds the instant petition is more properly categorized as a § 2255 in a § 2241's clothing.

However, despite the petitioner's efforts, the district court does not have the authority to hear the petitioner's petition.  Petitioner's first § 2255 motion was clearly dismissed on the merits.  The magistrate judge was correct to find that the current § 2255 motion is a second or successive motion and that the petitioner did not obtain the authorization from the Fourth Circuit Court of Appeals to file a successive § 2255 motion in this Court that is required by ***Winestock***.  In fact, the Court of Appeals specifically denied the petitioner's motion under 28 U.S.C. § 2244 for an order authorizing the district court to consider a second or successive application for relief under 28 U.S.C. § 2255.  In addition, the Court of Appeals denied reconsideration or rehearing of the denial of authorization.  It is clear from a reading of the petitioner's Motion filed with the Court of Appeals that he was seeking the right to raise the issues presented in the pending § 2241 Motion.  Thus, being without authorization, this Court is unable to hear petitioner's repetitive claims, which are presented in the pending Motion.  ***Winestock***, 340 F.3d at 205.  Therefore, pursuant to 28 U.S.C. §§ 2244, 2255 and ***Winestock***, this Court is without authority to hear the petitioner's pending § 2255 Motion.

Additionally, even if this Court did have the authority to hear the Motion, petitioner

7

has in no way demonstrated how he may be entitled to relief pursuant to the Supreme Court's equitable exception that he cites.  He has not shown any "cause that excuses his procedural default" and any prejudice that resulted from the alleged error, nor has he shown that a "miscarriage of justice" would result from the Court's refusal to entertain the Motion.  ***Dretke v.  Haley***, 541 U.S. 386, 393 (2004).   Accordingly, the petitioner's Objection on this issue is **OVERRULED**.

### V.  Conclusion

Upon careful review of the report and recommendation, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 16]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report.  The Government's Motion to Dismiss, or in the Alternative, for Summary Judgment **[Doc. 11]** is **GRANTED**.  Further, the petitioner's Objections **[Doc. 22]** are **OVERRULED**. Accordingly, the petition under 28 U.S.C. § 2241 **[Doc. 1]** is **DENIED** and **DISMISSED WITH PREJUDICE**.  Therefore, this case is hereby **ORDERED STRICKEN** from the active docket of this Court. The Clerk is **DIRECTED** to enter a judgment in favor of the respondent.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** the petitioner a certificate of appealability, finding that he had failed to make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

8

**DATED**: June 6, 2013.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE